## NUNN v. RAVANNA STATE BANK.
### (No. 3196.)

(Court of Civil Appeals of Texas. Texarkana. March 11, 1926. Rehearing Denied March 18, 1926.)

Contracts ⚖️10(1) — Oral agreement between bank and customer to cash his checks, not limited as to time or any sum of money, and based on no special consideration, created no binding obligation.

Oral agreement between bank and customer to cash his checks, not limited as to time or any sum of money, and based on no special consideration, other than what bank might realize in course of business by deposit of money, was determinable by either party at his or its option, and created no binding obligation, even if otherwise valid.

Appeal from Fannin County Court; Sam E. Neilson, Judge.

Action by Earl Nunn against the Ravanna State Bank and another. From an adverse judgment as to the named defendant, plaintiff appeals. Affirmed.

Wheeler & Leslie, of Bonham, for appellant.

Cunningham & Lipscomb, of Bonham, for appellee.

HODGES, J. This suit was instituted in the county court of Fannin county against the appellee, Ravanna State Bank, and Joel Corzine, to recover the aggregate sum of $272.70 as the balance due on two checks drawn by Corzine on the appellee bank, and upon which payment was refused.

The facts show that, some time prior to the execution and delivery of the checks, Corzine was engaged in buying and selling cattle and hogs. He had an agreement with the cashier of the appellee bank that his checks would be paid when given for the purchase of such stock. Corzine had no money on deposit in the bank, and there was no special consideration for the contract, other than what the bank might realize in the ordinary course of business by the deposit of money. The agreement is not shown to have been for any definite period of time, or for the advance of any fixed sum of money. Prior to the time these checks were presented, the bank notified Corzine that it would discontinue cashing his checks.

In the trial below a judgment was rendered in favor of the appellant against Corzine for the balance due upon the checks, but denying a recovery against the bank. It is conceded that the agreement between Corzine and the bank cashier was not in writing, and that fact is pleaded as a defense to this suit. Moreover, the agreement between Corzine and the bank was for no definite time, nor for any definite sum of money. Such an agreement was determinable by either party at his option. It created no binding obligation, even if otherwise valid.

The judgment will be affirmed.